# EXHIBIT A



**Service of Process Transmittal**
11/24/2015
CT Log Number 528229098

**TO:** Michael Bury (BAS & BAIC), AVP Litigation Specialist
Bank of America
250 Vesey St
New York, NY 10080-1002

**RE:** Process Served in California

**FOR:** Merrill Lynch, Pierce, Fenner & Smith Incorporated  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Farzin Morena, etc. and Cyra Morena, etc., Pltfs. vs. Bank of America, N.A., etc., et al., Dfts. // To: Merrill Lynch, Fenner & Smith Incorporated, etc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30201500821286CUMCCJC |
| **NATURE OF ACTION:** | Violation of the Unruh Civil Rights Act - Violation of Business and Professions Code |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/24/2015 at 12:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jerry R. Sparks<br>Sparks law Firm, APC<br>650 Town Center Drive, Suite 1200<br>Costa Mesa, CA 92626<br>714-546-4300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/25/2015, Expected Purge Date: 11/30/2015<br><br>Image SOP<br><br>Email Notification,  Anitria Walker-Doe  anitria_walker-doe@ml.com<br><br>Email Notification,  Mark Borowski  mark.f.borowski@bankofamerica.com<br><br>Email Notification,  Michael Bury (BAS & BAIC)  mike.bury@bankofamerica.com<br><br>Email Notification,  Trevor Ross  trevor.ross@bankofamerica.com<br><br>Email Notification,  Jeff Rayball  jeffrey.rayball@bankofamerica.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / BB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

NOV 24 2015  e12/10

## SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
BANK OF AMERICA, N.A., a business entity form unknown; BANK OF AMERICA CORPORATION, a Delaware corporation; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, a Delaware corporation; and DOES 1 through 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
FARZIN MORENA, an individual, and CYRA MORENA, an individual

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

11/19/2015 at 03:24:57 PM

Clerk of the Superior Court
By Rita Strom, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web Site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/), o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
ORANGE COUNTY SUPERIOR COURT
700 Civic Center Drive West
Santa Ana, CA 92701

**30-2015-00821286-CU-MC-CJC**

Judge: William Claster

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
JERRY R. SPARKS, ESQ.; SPARKS LAW FIRM, APC
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
(714) 546-4300

DATE: 11/19/2015   ALAN CARLSON, Clerk of the Court   Clerk, by   Rita J. Strom,   Deputy
(Fecha)                                                (Secretario)                      (Adjunto)
                                                                                 Rita Strom

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Merrill Lynch, Fenner & Smith Incorporated
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):   NOV 24 2015

SUMMONS

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | | CM-010 |
|---|---|---|---|
| JERRY R. SPARKS, ESQ. (SBN 166292) <br> SPARKS LAW FIRM, A Professional Corporation <br> 650 Town Center Drive, Suite 1200 <br> Costa Mesa, CA 92626 <br> TELEPHONE NO.: (714) 546-4300   FAX NO.: (714) 546-5430 <br> ATTORNEY FOR (Name): Plaintiffs FARZIN MORENA and CYRA MORENA | | | FOR COURT USE ONLY <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Orange <br><br> **11/19/2015** at 03:24:57 PM <br><br> Clerk of the Superior Court <br> By Rita Strom, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE <br> STREET ADDRESS: 700 Civic Center Drive West <br> MAILING ADDRESS: 700 Civic Center Drive West <br> CITY AND ZIP CODE: Santa Ana, CA 92701 <br> BRANCH NAME: Central Justice Center | | | |
| CASE NAME: | | | |
| **CIVIL CASE COVER SHEET** <br> [✓] Unlimited   [ ] Limited <br> (Amount       (Amount <br> demanded      demanded is <br> exceeds $25,000)  $25,000 or less) | **Complex Case Designation** <br> [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | CASE 30-2015-00821286-CU-MC-CJC <br><br> JUDGE: Judge William Claster <br> DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [X] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): Two (2)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 19, 2015
JERRY R. SPARKS, ESQ.
(TYPE OR PRINT NAME)                                            ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |
|---|---|---|

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
11/19/2015 at 03:24:57 PM
Clerk of the Superior Court
By Rita Strom, Deputy Clerk

JERRY R. SPARKS, ESQ. (SBN 166292)
jrs@sparksfirm.com
SPARKS LAW FIRM
A Professional Corporation
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626
Telephone (714) 546-4300
Facsimile (714) 546-5430

Attorneys for Plaintiffs
FARZIN MORENA AND CYRA MORENA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

FARZIN MORENA, an individual, and CYRA MORENA, an individual,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., a business entity form unknown; BANK OF AMERICA CORPORATION, a Delaware corporation; MERRILL LYNCH, FENNER & SMITH INCORPORATED, a Delaware corporation; and DOES 1 through 100, inclusive,

    Defendants.

Case No. 30-2015-00821286-CU-MC-CJC
Judge William Claster
Unlimited Jurisdiction

**COMPLAINT FOR DAMAGES AND PRELIMINARY AND PERMANENT INJUNCTION**

**COME NOW** plaintiffs FARZIN MORENA, an individual, and CYRA MORENA, an individual, and allege against defendants as follows:

## THE PARTIES

1.    Plaintiff FARZIN MORENA is, and at all times relevant hereto was, an individual residing in the County of Orange, State of California.

2.    Plaintiff CYRA MORENA aka CYRA CONTRACTOR is, and at all times relevant hereto was, an individual residing in the County of Orange, State of California. FARZIN MORENA and CYRA MORENA (jointly referred to herein as the "MORENAS") are husband and wife.

///

3. Plaintiffs are informed and believe, and based thereon allege, that defendant BANK OF AMERICA, N.A. is a business entity, form unknown, which conducts banking business through various branches in the State of California under the name Bank of America. Plaintiffs are further informed and believe, and based thereon allege, that defendant BANK OF AMERICA, N.A. owns and/or operates the bank branch(es) at which plaintiffs have conducted their banking in the County of Orange, State of California, including the Bank of America branch located in Ladera Ranch, California.

4. Plaintiffs are informed and believe, and based thereon allege, that defendant BANK OF AMERICA CORPORATION is, and at all times mentioned herein was, a Delaware corporation which regularly transacts business in the County of Orange, State of California. Plaintiffs are further informed and believe, and based thereon allege, that defendant BANK OF AMERICA CORPORATION does business under the trade name Merrill Edge.

5. Plaintiffs are informed and believe, and based thereon allege, that defendant MERRILL LYNCH, FENNER & SMITH INCORPORATED ("MERRILL LYNCH") is, and at all times mentioned herein was, a Delaware corporation which regularly transacts business in the County of Orange, State of California. Plaintiffs are further informed and believe, and based thereon allege, that MERRILL LYNCH is a subsidiary of BANK OF AMERICA CORPORATION, and, along with BANK OF AMERICA CORPORATION, does business under the trade name Merrill Edge.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as DOES 1 through 100, are unknown to Plaintiffs, who therefore sue those defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named defendants is in some way responsible for, participated in, or contributed to the wrongful acts, injuries, damages, and matters and things of which Plaintiffs complain herein and in some fashion has legal responsibility therefor.

7. Plaintiffs are informed and believe, and based thereon allege, that, at all times relevant herein, each of the defendants is and was the agent, employee, principal, alter ago, partner, joint venturer, co-conspirator or representative of the remaining defendants, and/or acted in concert with each of the other defendants, and each of the defendants was acting within the course and scope of such

relationship, and that each of the defendants acted with the permission, consent and ratification of each of the other defendants.

## JURISDICTION AND VENUE

8. Plaintiffs are informed and believe, and based thereon allege, (a) the events giving rise to the issues raised in this Complaint occurred in the County of Orange, State of California within this judicial district, (b) at least some of the defendants engage in substantial business in the County of Orange, State of California, within this judicial district, and/or (c) the discrimination at issue in this action was committed by defendants in the County of Orange, State of California, within this judicial district.

9. Plaintiffs are informed and believe, and based thereon allege, that this lawsuit also arises out of statutory violations committed by the defendants in the County of Orange, State of California, within this judicial district.

## GENERAL ALLEGATIONS

10. Plaintiff, FARZIN MORENA, has been a customer of BANK OF AMERICA, N.A. since he first opened an account at a Bank of America branch in 1993 at the age of fifteen (15). Plaintiff, FARZIN MORENA, also obtained his first credit card from Bank of America when he was eighteen (18) years of age. MR. MORENA further obtained a mortgage through Bank of America in or around 2005. FARZIN MORENA has at all times placed great trust and confidence in Bank of America, and at all times believed Bank of America would deal with him truthfully and treat him fairly.

11. Plaintiff, CYRA MORENA, has also maintained accounts at Bank of America, both individually and jointly with FARZIN MORENA, for several years. The MORENAS have at all times relevant to this Complaint regularly conducted their banking business at the Ladera Ranch branch of Bank of America, including obtaining one or more safety deposit boxes at the Ladera Ranch branch.

12. Commencing in or around January, 2015, plaintiff FARZIN MORENA was aggressively solicited by a woman named "Kristen" inside of the Ladera Ranch branch of the Bank of America to transfer his investment accounts to Bank of America. Kristen was aware that MR. MORENA had significant credit card usage, and she expressed to MR. MORENA that he could substantially benefit from the Preferred Rewards Program. Kristen was represented to be part of Merrill Edge and Bank of

America, which MR. MORENA was led to believe was affiliated with or otherwise a part of Bank of America.

13. According to Bank of America, there were three (3) tiers to the Preferred Rewards Program – Gold, Platinum and Platinum Honors. Bank of America represented to MR. MORENA that qualifying Merrill Edge and Merrill Lynch investment balances and/or Bank of America deposit balances would determine the Preferred Rewards tier. Among the benefits of the Preferred Rewards Program touted by Bank of America were through Kristen were free trading, a reward bonus on eligible credit cards of between twenty-five percent (25%) and seventy-five percent (75%), client service priority through the Preferred Rewards Center, and certain fee waivers on Bank of America services for checking and savings accounts. Kristen advised MR. MORENA that, due to his have credit card usage, he would earn substantial benefits from the Preferred Rewards Program.

14. As a result of the aggressive sales efforts of Kristen, on behalf of the defendants, FARZIN MORENA enrolled in the Preferred Rewards Program and spent significant time and effort transferring investment accounts to MERRILL LYNCH and Bank of America. MR. MORENA also used a Bank of America credit card in order to maximize the benefits he was promised under the Preferred Rewards Program. Plaintiffs FARZIN MORENA and CYRA MORENA at all times maintained their accounts with defendants in good standing and timely paid credit card statements.

15. Plaintiffs are Indian. Plaintiffs are perceived as Arab Americans of Middle Eastern origin and as being Muslim. As alleged in greater detail below, plaintiff FARZIN MORENA has been told by at least one representative of Bank of America that he is perceived as being an Iranian.

16. On or about July 29, 2015, defendants BANK OF AMERICA CORPORATION and MERRILL LYNCH sent several written notices to plaintiffs (one written notice for each account), under Merrill Edge letterhead, advising plaintiffs that six (6) of their accounts with Merrill Edge were unilaterally being closed. Plaintiffs were advised, among other things, that MERRILL LYNCH was resigning as custodian of their Roth Retirement Accounts, that they would need to designate a qualified replacement custodian and transfer their accounts to the new custodian within thirty (30) days or face substantial fees, penalties and/or tax liability. Plaintiffs were further advised that their Cash Management Accounts were being terminated and that, "Effective immediately, we will accept no orders

to create new positions in your account." Adding insult to injury, plaintiffs were also told that, due to said defendants' unilateral decision to terminate their accounts, plaintiffs would be charged a $49.95 fee by defendants to transfer the accounts to another firm of the plaintiffs' choosing.

17. Plaintiffs were understandably stunned to receive the July 29, 2015 notices. Plaintiff FARZIN MORENA began making telephone calls to defendants in an attempt to ascertain why the accounts were being closed. As part of a concerted effort to hide the discrimination, none of the representatives of defendants with whom Mr. Morena spoke would provide him with any substantive information, and would only confirm that the accounts were unilaterally being closed.

18. MR. MORENA went to the Ladera Ranch branch of Bank of America to inquire about the status of his bank accounts and to see if the branch could provide him with information concerning the unilateral closure of the investment accounts. MR. MORENA was assured that his bank accounts remained in good standing and were not being closed, and was told that he could not be given any more information about the Merrill Edge account closures.

19. Thereafter, in or around August, 2015, BANK OF AMERICA, N.A. notified plaintiffs that their deposit accounts at Bank of America were likewise being unilaterally terminated. MR. MORENA returned to the Ladera Ranch branch of Bank of America and spoke with a bank representative. MR. MORENA was advised by the Bank of America represented that the plaintiffs accounts had most likely been closed because Mr. Morena had an Iranian name.

20. The discrimination of defendants did not stop with the closure of the investment accounts and bank accounts. BANK OF AMERICA, N.A. next unilaterally closed MR. MORENA'S credit card account and reported to the credit bureaus that it had been "Closed by Grantor." The credit bureau reporting is now part of MR. MORENA'S credit file with the national credit reporting agencies and negatively impacts his ability to obtain credit. MR. MORENA was shocked to learn that the credit account had been unilaterally terminated by BANK OF AMERICA, N.A., as the credit line was $175,000.00 and he had never made any late payments. Indeed, MR. MORENA had at all times complied with the terms and conditions of the credit line.

21. The timing of the closure of the credit card account is also questionable and appears to have been designed to damage MR. MORENA. The account was closed without notice on the day MR.

MORENA's monthly statement closed. This prevented MR. MORENA from cashing in approximately $3,800.00 worth of rewards he had earned. It appears that the closure was carefully orchestrated by defendants to ensure that MR. MORENA would be unable to secure the cash rewards he had earned through the Preferred Rewards Program the defendants had aggressively marketed to him and was designed to penalize MR. MORENA for his perceived status as a Middle Eastern American of Iranian decent who practices the Muslim religion.

22.   Plaintiffs are informed and believe, and based thereon allege, that the decision of the defendants, and each of them, to close the aforementioned accounts was, as disclosed by the representative of Bank of America, due to the perception that plaintiffs were of Middle Eastern decent, and/or because plaintiffs are perceived as Muslim. Plaintiffs are informed and believe, and based thereon allege, that customers of the defendants who have account histories similar to that of the plaintiffs but who are not perceived to be of Middle Eastern decent and/or who are not perceived as Muslim have not had their accounts closed by the defendants.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### (Against All Defendants)

23.   Plaintiffs incorporate as though set forth fully herein by this reference each of the allegations set forth at Paragraphs 1 through 22, inclusive, of this Complaint.

24.   Defendants BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION and MERRILL LYNCH, and the branches they own and operate, or out of which they and/or their affiliates or representatives operate, are business establishments within the meaning of the Unruh Civil Rights Act. Defendants, and each of them, transacted business with the plaintiffs through, among others, the Ladera Ranch branch of Bank of America located at 27752 Antonio Pkwy in the City of Ladera Ranch, County of Orange, State of California.

25.   *Civil Code* section 51, known as the Unruh Civil Rights Act, provides in part: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation, are entitled to the full and equal accommodations, advantages, facilities, privileges,

or services in all business establishments of every kind whatsoever." For purposes of the Unruh Civil Rights Act, the term "religion" includes all aspects of religious belief, observance and practice.

26. *Civil Code* section 51.5 prohibits defendants, and each of them, from, among other things, discriminating against and/or refusing to contract with, any person in this state on account of any characteristics listed in subdivision (b) of *Civil Code* section 51, or because the person is perceived to have one or more of those characteristics or because the person is associated with a person who has, or is perceived to have, any of those characteristics. By engaging in the conduct alleged herein, defendants have violated *Civil Code* section 51.5.

27. Plaintiffs are informed and believe, and based thereon allege, that their bank accounts, investment accounts, retirement accounts and credit card account were unilaterally closed by the defendants because of plaintiff's actual or perceived race, color, religion, ancestry and/or national origin.

28. Plaintiffs are Indian. Plaintiffs are informed and believe, and based thereon allege, that plaintiffs were perceived by representatives of the defendants as Iranian or of Middle Eastern decent and/or Muslim. Plaintiffs are further informed and believe, and based thereon allege, that, as confirmed by a Bank of America representative, the aforementioned accounts of plaintiffs were unilaterally closed by the defendants because the defendants perceived plaintiffs as being Iranian or of Middle Eastern decent.

29. The wrongful conduct of defendants, and each of them, is ongoing in that the defendants continue to deny plaintiffs and others who are Indian or perceived to be of Middle Eastern or Iranian decent or as Muslim, the full and equal accommodations, advantages, privileges and services of the above-referenced business establishments.

30. Unless defendants, and each of them, are restrained by a preliminary and permanent injunction of this Court, plaintiffs' injury will be great and irreparable. Plaintiffs have no plain, speedy, and adequate remedy at law because pecuniary compensation would not afford adequate relief, it would be extremely difficult to ascertain the amount of compensation that would afford adequate relief, and it will be impossible for plaintiffs to determine the precise amount of damage they will suffer if defendants' conduct is not restrained.

///

31. As a proximate result of defendants' discriminatory decision to unilaterally close plaintiffs' accounts, plaintiffs have been deprived the benefits of the Preferred Rewards Program, have been deprived of the rewards they had earned prior to the unilateral account termination, incurred charges from the defendants for moving their investment accounts to other institutions, have been deprived of the benefits of safety deposit box fees, and have incurred damages in connection with the liquidation of investments. Plaintiffs have also suffered emotional distress as a proximate result of the conduct of the defendants.

32. As a proximate result of the wrongful acts of defendants, plaintiffs are additionally entitled to recover statutory damages of up to three (3) times the amount of their actual damages, plus attorneys' fees, as provided in *Civil Code* section 52.

33. The acts of the defendants, and each of them, as alleged herein constitute despicable conduct carried on with a willful and conscious disregard of the rights of plaintiffs and which has subjected plaintiffs to cruel and unjust hardship. Said acts were done wantonly, maliciously and oppressively. Plaintiffs are informed and believe, and based thereon allege, that the acts of the defendants were done at the direction of or were ratified by an officer, director and/or managing agent of the defendants. By reason of the foregoing, plaintiffs are entitled to an award of exemplary and punitive damages against defendants.

## SECOND CAUSE OF ACTION

**VIOLATION OF *BUSINESS AND PROFESSIONS CODE* SECTION 17200, et seq.**

**(Against All Defendants)**

34. Plaintiffs incorporate as though set forth fully herein by this reference each of the allegations set forth at Paragraphs 1 through 22, and 23 through 33, inclusive, of this Complaint.

35. *Business and Professions Code* section 17200, et seq. (the "UCL") prohibits unfair competition which "shall mean and include any unlawful, unfair or fraudulent act or practice...."

36. The "unlawful" prong of the UCL permits plaintiffs to obtain relief from anything that can properly be called a business practice and is also forbidden by law, regardless or whether the law violated provides for a private right of action.

///

37. The "unfair" prong of the UCL is intentionally broad to allow courts maximum discretion to prohibit new schemes to defraud. Outside of the competitor context, lower courts have articulated differing tests for unfairness under the UCL. One test balance's the victim's harm with the defendant's justification. Another test analyzes whether the defendant's acts offend a public policy that is tethered to some statutory provision. An additional test considers whether the defendant's acts constitute a sharp practice.

38. The "fraudulent" prong of the UCL examines whether the relevant segment of the public is likely to be deceived.

39. 42 U.S.C. Section 1981 provides:

"(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

40. Pursuant to 42 U.S.C. Section 1981, defendants had a duty to conduct their businesses in a fair and equal manner, regardless of the national origin, ethnicity or religion of its customers. By unilaterally closing the plaintiffs' bank accounts, investment accounts and credit card account as alleged herein above, defendants infringed upon plaintiffs' rights under 42 U.S.C. Section 1981.

41. 42 U.S.C. Section 1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Defendants, and each of them, consequently had a duty to treat all of their customers equally, without regard to their race, color, religion, ancestry or national origin.

42. All alleged above, *Civil Code* sections 51 and 51.5 prohibited defendants, and each of them, from discriminating against plaintiffs on the basis for their race, color, religion, ancestry and/or national origin. Defendants have violated Civil Code sections 51 and 51.5 by engaging in the conduct alleged herein above.

43. Defendants, and each of them, engaged in unlawful, unfair and/or fraudulent business acts or practices in violation of the UCL as alleged herein.

44. Plaintiffs are entitled to restitution of all monies which defendants obtained as a result of their wrongful conduct. Plaintiffs are also entitled to disgorgement of the rewards to which they were entitled and for which they were denied as a result of plaintiffs' unfair business practices.

45. Plaintiffs are informed and believe, and based thereon alleges, that, unless restrained, defendants will continue to engage in the unfair conduct as alleged herein in violation of *Business and Professions Code* section 17200. Plaintiffs have no plain or speedy remedy at law in that defendants will likely continue to engage in unfair competition, as alleged above, in violation of the law.

46. Plaintiffs seek an order pursuant to *Business and Professions Code* section 17203 granting a preliminary injunction and permanent injunction which enjoins defendants and their affiliates, agents, employees, assigns, attorneys and anyone else acting in concert with any of them from directly or indirectly engaging in the discriminatory conduct alleged herein, and preliminary and permanent injunctions which mandate that defendants reinstate in good standing each of the plaintiffs' accounts which were unilaterally terminated by defendants, and such other and further injunctive relief as the Court may determine is warranted.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

### On The First Cause of Action for Violation of the Unruh Civil Rights Act

1. For compensatory damages according to proof;
2. For treble damages and penalties pursuant to *Civil Code* section 52;
3. For attorneys' fees as permitted by statute;
4. For punitive and exemplary damages;

///

**On The Second Cause of Action for Violation of *Business and Professions Code* section 17200, et seq.**

5. For orders requiring restitution and a disgorgement of all profits, benefits and other compensation obtained as a result of the conduct alleged herein and/or all benefits due to the plaintiffs;

6. For provisional and permanent injunctive relief;

7. For attorneys' fees as permitted by statute;

**On All Causes of Action**

8. For costs of suit incurred herein;

9. For pre-judgment interest at the maximum rate allowed by law; and

10. Such other and further relief as the Court may deem just and appropriate.

DATED: November 19, 2015           SPARKS LAW FIRM
                                   A Professional Corporation

                              BY _____
                                   JERRY R. SPARKS, Attorneys for Plaintiffs
                                   FARZIN MORENA AND CYRA MORENA