# EXHIBIT A

1  ERIN S. KUBOTA (State Bar No. 228371)
   esk@severson.com
2  JEREMY S. CARR (State Bar No. 268604)
   jsc@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  MARK JOSEPH KENNEY (State Bar No. 87345)
   SEVERSON & WERSON
8  A Professional Corporation
   One Embarcadero Center, Suite 2600
9  San Francisco, California 94111
   Telephone: (415) 398-3344
10 Facsimile: (415) 956-0439

11 Attorneys for Defendants
   BANK OF AMERICA, N.A. (also erroneously
12 sued as Bank of America Corporation) and
   MERRILL LYNCH, FENNER & SMITH, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
12/23/2015 at 02:30:00 PM
Clerk of the Superior Court
By Nomi Lau, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE — CENTRAL JUSTICE CENTER

| | |
|---|---|
| FARZIN MORENA, an individual, and CYRA MORENA, an individual,<br><br>   Plaintiffs,<br><br>   vs.<br><br>BANK OF AMERICA, N.A., a business entity form unknown; BANK OF AMERICA CORPORATION, a Delaware corporation; MERRILL LYNCH, FENNER & SMITH INCORPORATED, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. 30-2015-00821286-CU-MC-CJC<br>William D. Claster<br>Dept. C18<br><br>**ANSWER TO COMPLAINT**<br><br><br>Action Filed:  November 19, 2015<br>Trial Date:    None Set |

70001.0353/6086534.1

ANSWER TO COMPLAINT

## GENERAL DENIAL

In answer to the unverified complaint ("Complaint") filed by plaintiffs Farzin Morena and Cyra Morena ("Plaintiffs"), defendants Bank of America, N.A. (also erroneously sued as Bank of America Corporation) and Merrill Lynch, Fenner & Smith, Inc. (collectively "Defendants"), generally deny each and every allegation of the Complaint.

Defendants also assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

Plaintiffs have waived their right to seek the relief sought due to their own acts and/or omissions with reference to the subject matter of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiffs, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

The Complaint is barred in whole or part because of Plaintiffs' failure to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

(Offset)

Any injury or damage to Plaintiffs is offset by amounts owed to Defendants. The amount

of offset will be according to proof at trial.

### SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs are at fault with respect to the matters alleged in the Complaint, and their recovery, if any, should be barred or reduced in proportion to their comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

Any injury or damage to Plaintiffs was a result of the intentional, negligent, or otherwise, wrongful acts of third parties, and any claims against Defendants shall be reduced in proportion to the faults of these third parties.

### NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the equitable doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

Plaintiffs may not recover against Defendants because Plaintiffs' purported damages were the proximate result of superseding and intervening causes unrelated to any act by Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary and Indispensable Party)

Plaintiffs' Complaint, and each cause of action therein, is barred by Plaintiffs' failure to sue necessary and indispensable parties in the instant action.

### TWELFTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

Defendants' compliance with the statutes, rules, and regulations, which govern the subject matter of this lawsuit, precludes their liability to Plaintiffs.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

Defendants are informed and believe and on that basis alleges that their actions, if there were any, were not a substantial factor in causing Plaintiffs' harm.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint does not describe the claims against Defendants with sufficient particularity and certainty to enable Defendants to determine what defenses may exist. Defendants reserve the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims against them when the precise nature of those claims has been ascertained.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Recovery for any injury or damage to Plaintiffs is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1; 337; 338; subdivision (a); 339; 340, subdivisions (a), (c); and 343, and Business and Professions Code section 17208.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Contractual Limitation)

Defendants' liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between the parties or the contract or contracts pursuant to which Defendants performed the acts which are the subject of this action.

///
///
///
///
///
///
///

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Unknown Affirmative Defenses)

Defendants presently have insufficient knowledge and information on which to form a belief as to whether they have additional affirmative defenses, and reserve the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

### PRAYER

WHEREFORE, Defendants pray:

1. That Plaintiffs take nothing by reason of their complaint;
2. That judgment be entered in favor of Defendants and against Plaintiffs;
3. That Defendants be awarded their reasonable attorney's fees and costs; and
4. That the Court award such other and further relief as it deems proper.

DATED: December 23, 2015

SEVERSON & WERSON
A Professional Corporation

By: _____
Jeremy S. Carr

Attorneys for Defendant BANK OF AMERICA, N.A.
(also erroneously sued as Bank of America Corporation)
and MERRILL LYNCH, FENNER & SMITH, INC.

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On December 23, 2015, I served true copies of the following document(s):

**ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

| | |
|---|---|
| Jerry R. Sparks, Esq.<br>Sparks Law Firm<br>A Professional Corporation<br>650 Town Center Dr., Suite 1200<br>Costa Mesa, CA  92626 | Attorneys for Plaintiffs<br>Farzin Morena and Cyra Morena<br><br>Telephone:   (714) 546-4300<br>Facsimile:    (714) 546-5430<br>irs@sparksfirm.com |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 23, 2015, at Irvine, California.

_____
Dana Rae Armbruster

70001.0353/6086534.1

PROOF OF SERVICE