JERRY R. SPARKS (SBN 166292)
jrs@sparksfirm.com
SPARKS LAW FIRM
A PROFESSIONAL CORPORATION
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626
Telephone:   (714) 546-4300
Facsimile:    (714) 546-5430

Attorneys for Plaintiffs
FARZIN MORENA and CYRA MORENA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| FARZIN MORENA, an individual, and CYRA MORENA, an individual,<br><br>            Plaintiffs,<br><br>     v.<br><br>BANK OF AMERICA, N.A., a business entity form unknown; BANK OF AMERICA CORPORATION, a Delaware corporation; MERRILL LYNCH, FENNER & SMITH INCORPORATED, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | **CASE NO.: 8:16-cv-00239-DOC-JCGx**<br><br>[Assigned to Hon. David O. Carter, Ctrm. 9-D]<br><br>**JOINT REPORT OF EARLY MEETING**<br><br>**[FRCP RULE 26(F); CD-LR 26-1]**<br><br>Date:    April 25, 2016<br>Time:   8:30 a.m.<br>Crtrm.:  9-D<br><br>Date Action Filed: November 18, 2015<br>Removal Date:      February 11, 2016<br>Trial Date:              None Set |

Pursuant to *Federal Rule of Civil Procedure* 26(f), Central District Local Rule 26-1, and this Court's Standing Order and Order Setting Scheduling Conference, the parties to this action, Plaintiffs Farzin Morena and Cyra Morena, and Defendants Bank of America and Merrill Lynch, Fenner & Smith Incorporated, hereby submit this Joint Report of Early Meeting of counsel. A joint meeting of counsel for the parties was held on March 31, 2016.

/ / /

/ / /

## I. FACTUAL SUMMARY OF THE CASE

### (a) Plaintiffs' Short Statement of the Case

Plaintiffs Farzin Morena and Cyra Morena contend that defendants Bank of America, N.A. and Merrill Lynch, Fenner & Smith Incorporated discriminated against them in violation of the Unruh Civil Rights Act based upon the perception that Plaintiffs were Iranian, of Middle Eastern decent and/or Muslim. Plaintiffs further contend that defendants engaged in unfair business practices when unilaterally terminating their investment, bank and credit accounts.

Plaintiff Farzin Morena had been a customer of Bank of America since 1993. Commencing in January, 2015, Mr. Morena was aggressively solicited by a representative of Defendants inside the Ladera Ranch branch of Bank of America to transfer his investment accounts to Bank of America. Mr. Morena was told that he could substantially benefit from the Preferred Rewards Program, including free trading, a reward bonus on eligible credit cards, client service priority, and certain fee waivers on Bank of America services for checking and savings accounts. As a result of the insistent sales efforts, Mr. Morena enrolled in the Preferred Rewards Program and spent significant time and effort transferring investment accounts to Merrill Lynch and Bank of America.

Plaintiffs at all times maintained their accounts with Defendants in good standing and timely paid credit card statements. On or about July 29, 2015, Defendants sent several written notices to Plaintiffs (one or each account), under Merrill Edge letterhead, advising plaintiffs that six (6) of their accounts with Merrill Edge were unilaterally being closed. Plaintiffs were further advised that their Cash Management Accounts were being terminated. Although Mr. Morena attempted to ascertain why the accounts were being closed, none of the representatives of Defendants would provide him with any substantive information, and would only confirm that the accounts were closed.

Mr. Morena went to the Ladera Ranch Branch of Bank of America to inquire about the status of his accounts. He was assured that his bank accounts were in good standing and were not being closed, but was told that he could not be given any more information about the Merrill Edge account closures. Nevertheless, in or around August, 2015, Bank of America, N.A. notified plaintiffs that their deposit accounts were likewise being unilaterally terminated. Mr. Morena returned to the Ladera Ranch branch of Bank of America and spoke with a bank representative. Mr. Morena was

1 advised by the Bank of America representative that the Plaintiffs' accounts had most likely been
2 closed because Mr. Morena has an Iranian name.  The discrimination against Plaintiffs continued
3 with the subsequent unilateral closure of Mr. Morena's credit card account.

4     **(b)**     **Defendants' Short Statement of the Case**

5 Plaintiffs' accounts were not terminated based upon the alleged perception that Plaintiffs
6 were Iranian, of Middle Eastern decent and/or Muslim, as alleged by Plaintiffs.  Further, contrary to
7 their allegations, Plaintiffs were given notice of the termination of the accounts.

8 **II.**     **SYNOPSIS OF PRINCIPAL ISSUES IN THE CASE**

9 The principle issues in the case are whether Defendants violated the Unruh Civil Rights Act
10 or committed other unfair business practices when unilaterally and without notice terminating all of
11 the plaintiffs' bank accounts, investment accounts and credit card accounts.

12 **III.**     **ADDITIONAL PARTIES**

13 The parties do not at this time anticipate the addition of any other parties to this case or the
14 amendment of the pleadings.  They will reevaluate this issue after their exchange of initial written
15 discovery.

16 **IV.**     **ANTICIPATED LAW AND MOTION MATTERS**

17 Plaintiffs are not presently contemplating any law and motion matters, but will reevaluate
18 this issue after their exchange of initial written discovery.

19 Defendants anticipate filing a motion for summary judgment or, in the alternative, for
20 summary adjudication.

21 **V.**     **SETTLEMENT DISCUSSIONS/SETTLEMENT PROCEDURES**

22 The parties have engaged in initial settlement discussions.  It is anticipated that Defendants
23 will be responding to a settlement demand made by the Plaintiffs within the next few weeks.  The
24 Parties agree to ADR Procedure No. 2 set forth in Local Rule 16-15.4 – mediation before a neutral
25 selected from the Court's Mediation Panel.

26 / / /
27 / / /
28 / / /

## VI. DISCOVERY PLAN

### A. Initial Disclosures

The parties will exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on April 29, 2016.

### B. Discovery Phases

All written discovery and depositions shall be conducted in accordance with the *Federal Rules of Civil Procedure* and *Local Rules*. The Plaintiffs have already propounded written discovery to the Defendants concerning the closure of the Plaintiffs' accounts and their affirmative defenses. The Defendants intend to propound written discovery to the Plaintiffs concerning their contentions and damages. The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admission, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiffs, Defendants' agents/employees and "person(s) most knowledgeable" under Rule 30(b)(6) and other relevant witnesses. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues. The parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure.

### C. Electronically Stored Information

The parties do not know of any issues regarding disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. If any such issues arise, the parties will work with each other in good faith to resolve them.

### D. Claims of Privilege

The parties do not anticipate any issues regarding claims of privilege.

## VII. TRIAL BY JURY

All parties have demanded a trial by jury. The estimated length of trial is three (3) days.

## VIII. OTHER ISSUES AFFECTING THE MANAGEMENT OF THE CASE

### A. Discovery Cut-Off Date

The parties propose that discovery be completed by November 7, 2016. The parties propose that the deadline for disclosure of the identities of expert witnesses that each party may use at trial to

1  present evidence, and any written report from an expert witness required under Federal Rules of
2  Civil Procedure section 26(a)(2)(B) shall be due October 17, 2016.  The parties propose that rebuttal
3  expert reports shall be due on November 7, 2016.

### B. Final Motion Cut-Off Date

The parties propose a final motion cut-off date of December 19, 2016.

### C. The Final Pretrial Conference

The parties propose that the Final Pretrial Conference be held on January 30, 2017.

### D. Trial Date

The parties propose that the trial date be February 28, 2017.

DATED:  April 11, 2016         **SPARKS LAW FIRM**
                               **A Professional Corporation**

                               **BY**   /s/  Jerry R. Sparks
                               **JERRY R. SPARKS, Attorneys for Plaintiffs**
                               **FARZIN MORENA and CYRA MORENA**

DATED:  April 11, 2016         **SEVERSON & WERSON**
                               **A Professional Corporation**

                               **BY**   /s/  Jeremy S. Carr
                               **JEREMY S. CARR, Attorneys for**
                               **Defendants BANK OF AMERICA, N.A.**
                               **(also erroneously sued herein as Bank of**
                               **America Corporation); and MERRILL**
                               **LYNCH, FENNER & SMITH**
                               **INCORPORATED**

# PROOF OF SERVICE

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Orange, and not a party to the within action or cause. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626.

On April 11, 2016, I served the foregoing document described as **JOINT REPORT OF EARLY MEETING** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Erin S. Kubota, Esq. | Attorneys for Defendants |
| Jeremy S. Carr, Esq. | Phone: (949) 442-7110 |
| Severson & Werson | Facsimile: (949) 442-7118 |
| 19100 Von Karman Avenue, Suite 700 | esk@severson.com |
| Irvine, CA  92612 | jsc@severson.com |

❏ **BY REGULAR MAIL**: The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

❏ **BY OVERNIGHT COURIER**: I caused the above-reference document(s) to be deposited in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the above-referenced address(es).

x **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 11, 2016, at Costa Mesa, California.

                                            /s/ Jerry R. Sparks
                                            Jerry R. Sparks